**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

RICARDO HOPKINS, Individually and as Parent and Next of Kin to DIONNE NALLS And ERICA HOPKINS

V. C.A. NO.: 04-373L

THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS; DEPARTMENT OF CHILDREN, YOUTH & FAMILY, JAY G. LINDGREN, JR., Individually and in his Capacity As Director of DCYF; THOMAS M. BOHAN, ESQ., Individually and in his Capacity as Executive Director Administration; THOMAS DWYER, Individually and In his Capacity as Associate Director Child Welfare Services; KEVIN AUCOIN, Individually and in his Capacity as Chief Legal Services, SUZAN MORRIS, Individually and in her Capacity as Senior Legal Counsel; PARTRICIA PETRELLA, Individually and in her Capacity as Legal Counsel to DCYF; ELLEN BALASCO, Individually and in her capacity as Legal Counsel to CASA; KAREN DEGENOVA, Individually and in her Capacity as a DCYF Investigator

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS**

As to Plaintiffs' opposition to Defendants' Statement of Undisputed Facts Number 1, 2, 16 and 49, Defendants submit that the information contained in said Statements constitute exceptions to the Hearsay Rule as set forth in Federal Rule of Evidence, Rule 803(6) and 803(8) which read as follows:

> **Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial**
> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
> **(6) Records of Regularly Conducted Activity. –** A memorandum report, record, or data compilation in any form of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information

> transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.
>
> **(8) Public records and reports.** – Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Plaintiffs waived any challenge to the Family Court's hearsay rulings by dismissing their Petition for Certiorari, with prejudice.

Plaintiffs' response to 24 and 29 of Defendants' Statement of Undisputed Facts fails to comply with DRILR 56 (a)(4). Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000).

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that I sent via first class mail, postage pre-paid, a true copy of the within document on this _____ day of August, 2006 to those indicated below:

*/s/ Richard B. Woolley*

Joseph R. Daigle, Esq.
Gelfuso & Lachut Inc.
1193 Reservoir Avenue
Cranston, RI 02920