**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

RICARDO HOPKINS, Individually and as
Parent and Next of Kin to DIONNE NALLS
And ERICA HOPKINS

V.

C.A. NO.: 04-373L

THE STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS; DEPARTMENT
OF CHILDREN, YOUTH & FAMILY, JAY G.
LINDGREN, JR., Individually and in his Capacity
As Director of DCYF; THOMAS M. BOHAN, ESQ.,
Individually and in his Capacity as Executive Director
Administration; THOMAS DWYER, Individually and
In his Capacity as Associate Director Child Welfare
Services; KEVIN AUCOIN, Individually and in his
Capacity as Chief Legal Services, SUZAN MORRIS,
Individually and in her Capacity as Senior Legal Counsel;
PARTRICIA PETRELLA, Individually and in her
Capacity as Legal Counsel to DCYF; ELLEN BALASCO,
Individually and in her capacity as Legal Counsel to
CASA; KAREN DEGENOVA, Individually and in her
Capacity as a DCYF Investigator

**MOTION TO STRIKE AFFIDAVIT OF RICARDO HOPKINS**

Now come Defendants and hereby move this Court to Strike the Affidavit of Ricardo Hopkins on the grounds that said Affidavit is, in significant part, not based upon affiant's personal knowledge, contains hearsay statements, purports to examine Defendants' thoughts as well as their actions contains impermissible speculation and conclusory language and otherwise fails to comply with FRCP 56(e) as more fully described in the Memorandum of Law submitted herewith.

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that I sent via first class mail, postage pre-paid, a true copy of the within document on this 4th day of August, 2006 to those indicated below:

*/s/ Richard B. Woolley*

Joseph R. Daigle, Esq.
Gelfuso & Lachut Inc.
1193 Reservoir Avenue
Cranston, RI 02920

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

RICARDO HOPKINS, Individually and as
Parent and Next of Kin to DIONNE NALLS
And ERICA HOPKINS

VI. C.A. NO.: 04-373L

THE STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS; DEPARTMENT
OF CHILDREN, YOUTH & FAMILY, JAY G.
LINDGREN, JR., Individually and in his Capacity
As Director of DCYF; THOMAS M. BOHAN, ESQ.,
Individually and in his Capacity as Executive Director
Administration; THOMAS DWYER, Individually and
In his Capacity as Associate Director Child Welfare
Services; KEVIN AUCOIN, Individually and in his
Capacity as Chief Legal Services, SUZAN MORRIS,
Individually and in her Capacity as Senior Legal Counsel;
PARTRICIA PETRELLA, Individually and in her
Capacity as Legal Counsel to DCYF; ELLEN BALASCO,
Individually and in her capacity as Legal Counsel to
CASA; KAREN DEGENOVA, Individually and in her
Capacity as a DCYF Investigator

**MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE AFFIDAVIT OF RICARDO HOPKINS**

Rule 56(e) provides in pertinent part that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Paragraph 8 of Hopkins' Affidavit contains statements supposedly made by Crystal Jones which is hearsay that Hopkins is not competent to testify to.

Paragraph 9 of Hopkins' Affidavit purports to examine the thoughts or state of mind of CPI DeGenova claiming she was hostile towards him.

Paragraph 10 of Hopkins' Affidavit again purports to examine the thoughts or state of mind of CPI DeGenova and contains impermissible speculation and conclusory language that Hopkins believed that DeGenova's reaction to him was racist even though he can't give a specific factual basis for his self-serving conclusion.

Paragraph 11 again purports to examine the thoughts or state of mind of CPI DeGenova and is a self-serving conclusory and speculative opinion and not an admissible statement of fact.

Paragraph 12 again is merely Plaintiff's opinion and not an admissible statement of fact.

Paragraph 13 should be viewed in the light of a signed statement made by Ricardo Hopkins sworn to under oath on February 16, 2001 and submitted to the Family Court and provided to the parties in this case in response to defendants' request for production of documents, (Exhibit A attached hereto). Plaintiffs' assertion that "on one occasion", I had taken a short, light-weight piece of reed from a bush in our yard and lightly tapped Erica across her open hands. This did not cause a mark" is belied by his previous sworn statement that he used " a piece of branch about the size of a pencil and approximately 18 inches in length" and that "on no more than two or three occasions I have hit Dionne and Erica with a piece of dead tree branch that is no wider than a pen." And "that I have used the threat of the switch on occasion..."

Paragraph 16 again contains more hearsay statements supposedly made by others to CPI DeGenova and are not facts within the personal knowledge of affiant Hopkins and

further purports to discuss and speculate as to the state of mind and knowledge of CPI DeGenova.

Paragraph 17 again contains hearsay statements, purports to examine the thoughts or state of mind of CPI DeGenova and contains speculative conclusory and self serving opinion rather than admissible statements of fact.

Paragraph 18 again is based upon hearsay and should be disregarded.

Paragraph 19 contains speculative conclusory and self serving opinion rather than statements of admissible fact and the Exhibit 1 attached thereto contradicts the contents of paragraph 19 and shows on its face that plaintiff made a false statement that he was laid off due to lack of work in order to obtain unemployment compensation.

Paragraph 20 contains plaintiffs' narrative of proceedings in family court is conclusory, self serving and does not comply with the requirements of FRCP Rule 56(e).

Paragraph 21 contains inadmissible hearsay that is contradicted by deposition testimony of both Mike Terry and Craig Gordon.

Paragraph 22 is self-serving, speculative and conclusory and fails to comply with the requirements of FRCP 56(e)

For all the foregoing reasons the Affidavit of Ricardo Hopkins should be stricken in whole or in part. Maiorana v. MacDonald, 596 F.2d 1072 (1st Cir. 1979).

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I, the undersigned, hereby certify that I sent via first class mail, postage pre-paid, a true copy of the within document on this _____ day of August, 2006 to those indicated below:

*/s/ Richard B. Woolley*

Joseph R. Daigle, Esq.
Gelfuso & Lachut Inc.
1193 Reservoir Avenue
Cranston, RI 02920