UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

RICARDO HOPKINS, Individually and as Parent and Next of Kin to DIONNE NALLS and ERICA HOPKINS,
Plaintiffs,

V. — C.A. NO. 04-373L

THE STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS; DEPARTMENT OF CHILDREN, YOUTH, & FAMILY, JAY G. LINDGREN, JR., Individually and in his capacity as Director of DCYF; THOMAS M. BOHAN, ESQ., Individually and in his capacity as Associate Director Child Welfare Services, KEVIN AUCOIN, Individually and in his Capacity as Chief Legal Services, SUZAN MORRIS, Individually, and in her Capacity as Senior Legal Counsel; PATRICIA PETRELLA, Individually and in her capacity as Legal Counsel to DCYF; ELLEN BALASCO, Individually and in her capacity as Legal Counsel to CASA; KAREN DEGENOVA, Individually and in her Capacity as a DCYF Investigator,
Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE AFFIDAVIT OF RICARDO HOPKINS**

Now comes Ricardo Hopkins, Individually and as Parent and Next of Kin of Dionne Nalls and Erica Hopkins, and files this

Opposition to Defendants' Motion to Strike the Affidavit of Ricardo Hopkins.

ARGUMENT

Mr. Hopkins' Affidavit includes statements from Crystal Jones. Her statements constitute an exception to the hearsay rule in that they are not offered to prove the truth of the matters she asserted. Ms. Jones' statements are not offered to specifically establish that when she last saw Mr. Hopkins in the foster home she called him "big brother" or that when she called him on February 13, 2001 she in fact intended to "get and attorney and get it on TV." They are offered to show her demeanor toward Mr. Hopkins – facts that are admissible. For instance, at trial, Mr. Hopkins will be allowed to testify that when he last saw Mr. Jones at the foster home, their relationship was friendly. He will also be allowed to testify that, when he next heard from Jones, she was inexplicably threatening and angry toward him. It is for this purpose that the statements were included in the Affidavit.

Defendants next misidentify statements made by Karen DeGenova as hearsay. Ms. DeGenova is a party to the suit. As such, her statements are admissions of a party opponent and are not hearsay. (FRE 801.)

Mr. Hopkins' Affidavit also includes his subjective contemporaneous thoughts and feelings regarding his

confrontations with Ms. DeGenova. Defendants’ Opposition fails to set forth grounds why these statements should not be subjected to the general rule that the admissibility of such evidence is at the discretion of the trial judge. Although admitting such statements into evidence may be problematic, they are not without precedent:

> Clearly the officer's characterization of the declarant's apparent emotional state was admissible under the principle which permits a lay witness to give his opinion on such matters as the appearance and physical condition of another person if that opinion is based upon observations of composite facts which he could not otherwise convey to a jury. The underlying rationale is that there is no better way to portray another's emotional state than to characterize him as "visibly shaken" and "very excited." Those characterizations could be testified to in this case as observable conditions.

State v. Mancini, 108 R.I. 261, 269 (R.I. 1971)(citing Fillman v. State, 41 Ala. App. 175, 177-78, 127 So.2d 628, 629-30; People v. Deacon, 117 Cal. App.2d 206, 210, 255 P.2d 98, 101; Commonwealth v. Bonomi, 335 Mass. 327, 339, 140 N.E.2d 140, 151; 7 *WIGMORE EVIDENCE*, § 1974 at 113 et seq. (3d ed.)

Defendants’ Motion also raises alleged factual discrepancies in Mr. Hopkins’ Affidavit as grounds for the Court to strike the Affidavit. The fact that Mr. Hopkins states in his affidavit that he lightly tapped his daughter across the hands with a reed on only one occasion, and that he may have previously testified that this occurred two or three times, is

not grounds for striking Mr. Hopkins' Affidavit. Minor discrepancies in Mr. Hopkins' recollection of events that transpired over five years ago are insufficient grounds for removing those statements from consideration by the Court. Defendants may impeach Mr. Hopkins on these discrepancies at trial but, in the context of a Summary Judgment Motion in which the Court is to view all factual disputes in Mr. Hopkins favor, the Motion to Strike must fail.

Defendants further object on hearsay grounds to Mr. Hopkins' statement that he was fired from his employment at Communities for People and the Whitmarsh House when his employers informed him that he was "disqualified" from working because of information they had received by DCYF. The truth of this statement is confirmed by, *inter alia*, the deposition testimony of Michael Terry. (Exhibit 1.)

Plaintiffs,

By Their Attorney,

/s/ Joseph R. Daigle

Joseph R. Daigle #5429
GELFUSO & LACHUT, INC.
1193 Reservoir Avenue
Cranston, RI 02920
Tel.: (401) 942-4300
Fax.: (401) 946-0970

Dated: September 14, 2006

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within document was sent via U.S. mail, postage prepaid, and facsimile on the 22 day of August, 2006, and served electronically on September 14, 2006 to:

Richard B. Woolley, Esq.
Special Assistant to the Attorney General
Civil Division
150 South Main Street
Providence, RI 02903

_______/s/ Joseph R. Daigle__