UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

RICARDO HOPKINS, Individually and as Parent and Next of Kin to DIONNE NALLS and ERICA HOPKINS, Plaintiffs,

VS. : C.A. No. 04-373L

THE STATE of RHODE ISLAND and PROVIDENCE PLANTATIONS; DEPARTMENT of CHILDREN, YOUTH & FAMILIES; JAY G. LINDGREN, JR., Individually and in his Capacity as Director of DCYF; THOMAS M. BOHAN, ESQ., Individually and in his capacity as Associate Director, Child Welfare Services; KEVIN AUCOIN, Individually and in his Capacity as Chief Legal Services; SUZAN MORRIS, Individually and in her Capacity as Senior Legal Counsel; PATRICIA PETRELLA, Individually and in Her Capacity as Legal Counsel to DCYF; ELLEN BALASCO, Individually and in her Capacity as Legal Counsel to CASA; KAREN DEGENOVA, Individually and in her Capacity as a DCYF Investigator, Defendants.

DEPOSITION of MICHAEL TERRY, in the above-entitled cause, taken on behalf of the Plaintiffs before Melanie M. Chace, RPR, Notary Public, in and for the State of Rhode Island, at the offices of Gelfuso & Lachut, Inc., 1193 Reservoir Avenue, Cranston, Rhode Island on January 31, 2006 at 3:00 p.m.

PRESENT:
FOR THE PLAINTIFFS: ............ GELFUSO & LACHUT, INC.
BY: ERICKA L. HUGHES, ESQ.

FOR THE DEFENDANTS: ............ DEPT. OF ATTORNEY GENERAL
BY: RICHARD B. WOOLLEY, ESQ.

(PLAINTIFFS' EXHIBIT C MARKED FOR ID)

Q. Can you describe approximately what the contents of this document are, what that document is?

A. "Ricardo Hopkins is one of the better staff to have been sent over West Avenue to work. He is sharp and knows what he is doing. He needs only once to be told instruction. Example is this morning I set him up to," if you're going to put that in the exhibit, you have to block out that kid's name.

MS. HUGHES: Okay. Duly noted, we'll block out the kid's name in here. The child's name in here.

A. "First to the Social Security office to apply for Social Security card. "Then to" the job, blank, "to apply for work. Rick needed very little instruction on what to do. Completed the task and," kid, "begins work at three p.m. this afternoon. Hope he stays with the program."

Q. You mentioned earlier that Mr. Hopkins left in February of 2001?

A. Yes.

Q. Did he leave Whitmarsh voluntarily?

A. No, he did not.

Q. Can you tell me the circumstances regarding his leaving?

A. I got a telephone call from DCYF stating that there was an investigation with allegations that are against Ricardo and that he was disqualified from employment in a child care facility.
Q. What person at DCYF gave you this information?
A. It was Laura Longo (phonetic).
Q. Can you repeat that?
A. Laura Longo.
Q. How long after you received the communication did you take action regarding Mr. Hopkins' employment?
A. Immediately.
Q. The same day?
A. Yes.
Q. How was Mr. Hopkins notified?
A. He was in my office when -- I called him into my office and I explained to him what was going on.
Q. After Mr. Hopkins was terminated did you receive any additional communication from DCYF?
A. No.
Q. Did you solicit any additional communication from DCYF?
A. No, because it's confidential information. I don't know what the details of the investigation or what, all I know is that there was an investigation and he was indicated on it and therefore he was

CERTIFICATE

I, MELANIE M. CHACE, RPR, a Notary Public, do hereby certify that I am expressly approved as a person qualified and authorized to take depositions pursuant to Rules of Civil Procedure of the Superior Court; especially, but without restriction thereto, under Rule 30 of said Rules; that the witness was sworn by me; that the transcript contains a true record taken at the above-entitled proceeding.

Reading and signing of the transcript was not requested by the deponent or any parties involved upon completion of the deposition.

IN WITNESS WHEREOF, I hereunto set my hand this 9th day of February, 2006.

MELANIE M. CHACE, RPR, NOTARY PUBLIC
MY COMMISSION EXPIRES 04/07/07

DATE: JANUARY 31, 2006
IN RE: HOPKINS, et al. v STATE OF RHODE ISLAND, et al.
DEPOSITION OF: MICHAEL TERRY