**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

RICARDO HOPKINS, Individually and as
Parent and Next of Kin to DIONNE NALLS
And ERICA HOPKINS

V. C.A. NO.: 04-373L

THE STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS; DEPARTMENT
OF CHILDREN, YOUTH & FAMILY, JAY G.
LINDGREN, JR., Individually and in his Capacity
As Director of DCYF; THOMAS M. BOHAN, ESQ.,
Individually and in his Capacity as Executive Director
Administration; THOMAS DWYER, Individually and
In his Capacity as Associate Director Child Welfare
Services; KEVIN AUCOIN, Individually and in his
Capacity as Chief Legal Services, SUZAN MORRIS,
Individually and in her Capacity as Senior Legal Counsel;
PARTRICIA PETRELLA, Individually and in her
Capacity as Legal Counsel to DCYF; ELLEN BALASCO,
Individually and in her capacity as Legal Counsel to
CASA; KAREN DEGENOVA, Individually and in her
Capacity as a DCYF Investigator,

# SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## VI. This Case Should Be Dismissed Against the Defendants Pursuant to the Doctrine of Qualified Immunity.

Plaintiffs place great emphasis on their assertion that DCYF Child Protective Investigator Karen DeGenova supposedly failed to corroborate or investigate the allegations of sexual abuse made by Crystal Jones or the allegations of excessive/inappropriate discipline made by Hopkins' daughter when CPI DeGenova went to the Hopkins home to investigate the Crystal Jones allegations.

The undisputed facts in the record establish that CPI DeGenova did corroborate the information given by the Butler Hospital therapist to the DCYF hotline by interviewing both the therapist and the alleged victim Crystal Jones and further by confirming the layout of the home where the alleged sexual abuse took place. CPI DeGenova also corroborated the daughter's allegations of excessive discipline by speaking with the mother who conceded the tying and spanking when confronted with the switch produced by the daughter in response to questions by DeGenova.

Even if one assumes that CPI DeGenova relied solely on the uncorroborated allegations of the victim Crystal Jones, such reliance was appropriate and CPI DeGenova's request that Plaintiff Ricardo Hopkins leave the home pending further investigation was reasonable in the circumstances. Forest v. Pawtucket Police Department, 290 F.Supp. 2d 215 (R.I. 2003); Forest v. Pawtucket Police Department, 377 F.3d 52 (1st Cir. 2004).

**Plaintiffs' State Law Claims for Tortious Interference/Contractual Relationships; Defamation; Wrongful Intrusion and Negligence Should All Be Denied and Dismissed On the Merits.**

Counsel respectfully submits that DCYF and the named Defendants had a statutory obligation and authority to make Hopkins' employees aware that he had acquired disqualifying status and, therefore, Plaintiffs' claims for tortious interference with his contractual relationships and defamation have no merit and should be denied and dismissed. See R.I. Gen. Laws § 40-13.2-1(6); DCYF Policy: 700:0105 "Clearance of Agency Activity – Addendum, Disqualifying Information" and the holding in State DCYF v. RI Council 94, AFL-CIO, 713 A.2d 1250 (R.I. 1998).

Plaintiffs' claims of wrongful intrusion and negligence have no merit as well based upon the foregoing and further based upon the arguments set forth in Defendants' Memorandum of Law In Support of Defendants' Motion for Summary Judgment. These claims are barred by the Statute of Limitations; Absolute Judicial Immunity; Absolute Prosecutorial Immunity, Qualified Immunity, Res Judicata and Collateral Estoppel.

## CONCLUSION

Based upon the foregoing and upon the arguments previously submitted to this Court, Defendants' Motion for Summary Judgment should be granted and Plaintiffs' claims against the Defendants should each and all be denied and dismissed with prejudice.

Respectfully Submitted,

Defendants,
By their attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401) 274-4400 ext. 2293
Fax: (401) 222-2995
*rwoolley@riag.ri.gov*

**CERTIFICATION**

I hereby certify that the within document was served on all parties hereto by electronic mail to the address of their counsel of record as follows:

Joseph R. Daigle, Esq.
jdaigle@gelfuso-lachut.com

*/s/ Richard B. Woolley*
Richard B. Woolley #1452
Assistant Attorney General
Department of Attorney General
150 South Main Street
Providence, RI 02903
Tel. 401-274-4400
Fax 401-222-2995
Email: rwoolley@riag.ri.gov

Date: November 9, 2006